JOHN CLARK *v.* NATIONAL HYDRAULIC COMPANY.

A writ of *audita querela* must be served on a corporation like any other writ, that is, by delivering a copy to the clerk, or, in his absence, to the two principal officers of the corporation.

*Audita querela* to set aside an execution issued on a judgment rendered by a justice of the peace, in favor of the defendants against the complainant.  The writ directed the officer to attach the property of the defendants, and for want thereof to summon them to appear, &c.  The officer's return was as follows:—

" State of Vermont, Windsor county, ss:—Cavendish, August 15, 1837.  I then made service of this writ or summons, by delivering Calvin French a true and attested copy of the same, he then being agent of the National Hydraulic Company, a corporation of Cavendish, in the county of Wind sor aforesaid, with my return hereon indorsed.

Attest,              EPHRAIM INGRAHAM, Jr.
                                            *Deputy Sheriff.*

The defendants pleaded in abatement,—" that said Nation-
" al Hydraulic Company was, at the time of serving said writ,

WINDSOR,
February,
1840.

Clark
v
National Hy-
draulic Co.

"a corporation duly established by the legislature of Ver- "mont, and that said corporation had, at that time, to wit, "the time of serving said writ, a duly authorized clerk, who "was absent, at the time of serving said writ, from this state, "and because they say that said corporation had, at the time of "serving said writ, two or more principal officers, duly appoint- "ed by said corporation, to wit, an agent, to wit, Calvin "French, and two directors, to wit, John Proctor and Moody "S. Proctor, and because it does not appear, by the return of "the officer serving said writ, that a copy thereof was left "with two or more of the principal officers of said corpora- "tion, as, by law, there ought to have been."

To this plea there was a general demurrer and joinder in demurrer. The county court rendered a judgment of *respondeas ouster*, and the defendants excepted.

*A. Tracy* and *L. Adams*, for defendants, relied upon the statute of 1821. Comp. Laws, p. 159, and cited 5 Vt. R. 122 and 6 do. 577.

*O. Hutchinson*, for complainant, contended that the statute adopting the writ of *audita querela* and regulating the mode of its service, controlled the act of 1821, and that the latter only prescribed the manner of service of *original* writs against corporations. He cited 1 Aik. R. 149. 5 Vt. R. 186. 9 do. 118.

The opinion of the court was delivered by

COLLAMER, J.—The statute of 1809, concerning writs of of *error* and *audita querela* is only a statute prescribing certain prerequisites, which must be complied with before such writs can operate as supersedeas. In relation to *audita querela*, it provides that it shall not so operate until sworn to and has the judge's certificate that it ought so to operate, "nor until the same is regularly served on the creditor or creditors, or his agent or attorney." This is not a law directing the mode or manner of service. What is said as to the service, is but, in effect this, that it should not operate as a supersedeas until it is legally served. By the law of 1797, the writ was required, like any other writ of summons against a corporation, to be served by leaving a copy with the clerk or one principal member. By the statute of 1821, the writ is

to be served by a copy left with the clerk, and in his absence, with two or more of the principal officers. This writ was not served in either of these modes and, therefore, should abate.

WINDSOR,
*February,*
1840.

Clark
*v.*
National Hy-
draulic Co.

Judgment reversed, and that the writ abate.